# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3522

_____

Yolanda Hurst

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 7, 2016
Filed: August 10, 2016
[Unpublished]

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Yolanda Hurst appeals the district court's[1] order affirming the denial of supplemental security income (SSI). Hurst challenges the administrative law judge's

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

(ALJ's) determination that she did not meet the criteria under Listing 12.05C for intellectual disability. These criteria are (1) a valid verbal, performance, or full-scale IQ of 60-70; (2) physical or other mental impairment imposing additional and significant work-related limitations of function; and (3) evidence supporting onset of intellectual and adaptive functional disability before age 22. See Lott v. Colvin, 772 F.3d 546, 549-50 (8th Cir. 2014) (outlining requirements for Listing 12.05C). While we conclude that substantial evidence in the record as a whole shows that Hurst met her burden as to the first two criteria, we affirm because she did not meet her burden to show the third criterion. See Lawson v. Colvin, 807 F.3d 962, 964 (8th Cir. 2015) (de novo review of district court's decision affirming denial of SSI; if substantial evidence in record as whole supports ALJ's decision, this court will affirm); McDade v. Astrue, 720 F.3d 994, 1001 (8th Cir. 2013) (claimant bears burden of establishing that her impairment meets all specified criteria of listing).

Specifically, as to the first criterion, the record shows that, in three out of the five intelligence tests administered to Hurst, she had at least one IQ score of 70 or less, which is sufficient to meet the criterion. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00 D.6.c (lowest score in Wechsler series is used); see also Reed v. Colvin, 779 F.3d 725, 726 (8th Cir. 2015) (per curiam) (same). The Commissioner does not challenge Hurst's assertion that she met the second criterion.

We conclude, however, that substantial evidence supported the ALJ's determination that Hurst did not show she met the third criterion. The record contained both evidence that could suggest intellectual and adaptive functional disability with an onset before age 22, and evidence indicating otherwise--including evidence of her ability to work--and Hurst does not explain in what way the ALJ erred in finding her subjective complaints not entirely credible and in giving little weight to her friend's statements concerning her deficits. See Johnson v. Colvin, 788 F.3d 870, 873 (8th Cir. 2015) (mere fact that some evidence may support conclusion opposite to that of Commissioner's does not allow court to reverse ALJ's decision);

see also <u>Ash v. Colvin</u>, 812 F.3d 686, 691 (8th Cir. 2016) (evidence that claimant was able to work was relevant to whether she had demonstrated requisite deficits in adaptive functioning).  The judgment of the district court is affirmed.

_____